IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | **FILED** |
| | § | September 14, 2005 |
| Plaintiff, | § | |
| | § | **CLERK, U.S. DISTRICT COURT** |
| | § | |
| v. | § | CIVIL NO.  3:04-cv-648-R |
| | § | |
| ONE 1997 CADILLAC DEVILLE, | § | |
| BEARING TEXAS REGISTRATION | § | |
| 8RCXP AND VIN 1G6KD52Y4VU218829; | § | |
| | § | |
| ONE 1999 FORD F-350 TRUCK, BEARING | § | |
| TEXAS REGISTRATION 6PMC75 AND | § | |
| VIN 1FTWW32F1XEC78981; | § | |
| | § | |
| ONE 1974 MASSEY FERGUSON FARM | § | |
| TRACTOR, MODEL 1085, BEARING | § | |
| SERIAL NUMBER 9B473I6; | § | |
| | § | |
| ONE 2003 JOHN DEERE GATOR | § | |
| BEARING VIN W006X4D03562; | § | |
| | § | |
| ONE 1999 CHEVROLET TRUCK BEARING | § | |
| TEXAS REGISTRATION 1YSM35 AND | § | |
| VIN 1GCEC14W3XE130403; | § | |
| | § | |
| ONE 2003 TOW MASTER TRAILER, | § | |
| BEARING VIN 5HNFS352231000194; | § | |
| | § | |
| ONE 2003 CM TRAILER, BEARING | § | |
| TEXAS REGISTRATION CCSZ50 AND | § | |
| VIN 49THG162131063821; | § | |
| | § | |
| ONE 2002 FORD F-150 SUPERCREW | § | |
| LARIAT TRUCK, BEARING TEXAS | § | |
| REGISTRATION 7TGZ17 AND | § | |
|  VIN 1FTRW08L92KA13146; | § | |

**Findings of Fact and Conclusions of Law - Page 1**

|                                                                 |   |
|-----------------------------------------------------------------|---|
|                                                                 | § |
| ONE BULLDOG TRAILER BEARING                                     | § |
| TEXAS REGISTRATION CFZT04 WITH A                                | § |
| MILLER WELDER BEARING SERIAL                                    | § |
| NUMBER LC497457 AND A CAMPBELL                                  | § |
| HAUSFELD AIR COMPRESSOR BEARING                                 | § |
| SERIAL NUMBER L1080201336;                                      | § |
|                                                                 | § |
| ONE 2003 CALICO TRAILER, BEARING                                | § |
| TEXAS REGISTRATION CFJ V14 AND                                  | § |
| VIN 4GASS202931001332; AND                                      | § |
|                                                                 | § |
| ONE 1999 YAMAHA 600 GRIZZLY,                                    | § |
| BEARING VIN JY4AJ02W7XA018727,                                  | § |
|                                                                 | § |
| Defendants   *In Rem*.                                          | § |

## MEMORANDUM OPINION AND ORDER

This case involves Defendant Frederico Gonzalez's ("Defendant" or "Claimant" or "Gonzalez") claim to property seized by federal agents during the execution of a valid search warrant. The United States ("Plaintiff") alleged the seized property was subject to forfeiture pursuant to 21 U.S.C. §881(a)(6) as the proceeds of illegal narcotics activity. The Court found that the property, to wit, one 1974 Massey Ferguson Farm Tractor, Model 1085, bearing serial number 9B473I6; one 2003 John Deere Gator, bearing VIN W006X4D03562; one 2003 Tow Master Trailer, bearing VIN 5HNFS352231000194; one 2003 CM Trailer, bearing Texas Registration CCSZ50 and VIN 49THG162131063821; one Bulldog Trailer, bearing Texas CFZT04 with a Miller welder bearing serial number LC497457 and a Campbell Hausfeld Air Compressor bearing serial number L1080201336; one 2003Calico Trailer, bearing Texas Registration CFJ V14 and VIN

**Findings of Fact and Conclusions of Law - Page 2**

4GASS202931001332; and one 1999 Yamaha Grizzly, VIN JY4AJ02W7XA018727,[1]

was indeed the result of proceeds from illegal drug trafficking and therefore subject to

forfeiture.

This matter came before the Court for a half-day bench trial on August 30, 2005.

The Court, having received and considered the evidence presented and having heard the

testimony of witnesses and the argument of counsel, hereby renders the following

Findings of Fact and Conclusions of Law, as permitted by Rule 52(a) of the Federal Rules

of Civil Procedure:

## I. FINDINGS OF FACT

1.      Two witnesses testified in the trial - DEA Special Agent Shwan Aziz ("Aziz") and

        Claimant.  Forty-eight items were offered by the government and admitted into

        evidence by the Court.

2.      The Court credits the testimony of Aziz as truthful and finds he was a credible

        witness.  The Court found Gonzalez to be an untruthful witness and finds his

        testimony not credible.  Therefore, based on the evidence and testimony, the Court

        finds the following:

        a.      Gonzalez was involved in a cocaine trafficking conspiracy in 2003.

        b.      Starting in February 2003 and up until his arrest on October 15,

---

[1] At trial, Gonzalez withdrew his claim to four articles of his property, specifically, the 1997
Cadillac Deville, bearing Texas Registration 8RCXP and VIN 1G6KD52Y4VU218829; the 1999 Ford F-
350 truck, bearing Texas registration 6PMC75 and VIN 1FTWW32F1XEC78981; the 1999 Chevrolet
truck bearing Texas registration 1YSM35 and VIN 1GCEC14W3XE130403; and the 2002 Ford F-150
Supercrew Lariat truck, bearing Texas registration 7TGZ17 and VIN FTRW08L92KA13146.

2003,  Gonzalez acquired ten (10) to twenty (20) kilograms of cocaine per
month, purchasing each kilogram for as little as $10,000 per kilogram and
selling it for $14,000 to $15,000.

c.    Gonzalez's Kaufman County ranch was lawfully searched by federal law
enforcement agents on October 15, 2003.

d.    Gonzalez illegally possessed fifteen (15) kilograms of cocaine at his
Kaufman County, Texas ranch on October 15, 2003.

e.    Approximately $230,000 in cash was found at Gonzalez's Kaufman
County, Texas ranch on October 15, 2003.

f.    Gonzalez was lawfully arrested at his Kaufman County ranch on
October 15, 2003.

g.    The property at issue was found at Gonzalez's Kaufman County ranch
on October 15, 2003.

I.    On October 15, 2003, after being advised of his *Miranda* rights and while in
custody, Gonzalez voluntarily stated to federal law enforcement agents the
fifteen (15) kilograms of cocaine at his ranch belonged to him and the cash
was his profits from selling cocaine for two or three months.

j.    During the course of his voluntary statement, Gonzalez repeatedly stated
"I'm guilty" and "you got me." In regard to the vehicles and equipment
found on the ranch, he stated "they're yours now, y'all own it now", and
"y'all caught me, what am I going to do, it's yours." Gonzalez further stated

**Findings of Fact and Conclusions of Law - Page 4**

that he owned the vehicles and equipment on the ranch and they had been

purchased by him with the proceeds of drug trafficking.

k.      Gonzalez's statements were recorded in a DEA-6, a report

prepared by a DEA agent involved in the investigation of the drug

conspiracy involving Gonzalez.

l.      The property was lawfully seized by federal law enforcement

agents.

m.      Gonzalez is the owner of the Defendant property.

n.      As a result of his involvement in the drug conspiracy, Gonzalez was

indicted, convicted, and sentenced to life imprisonment in Cause

No. 3:03-CR-329-G for violating 21 U.S.C. § 846 and money laundering in

violation of 18 U.S.C. § 1956.

o.      In his Factual Resume in the criminal case, Gonzalez admitted participating

in a drug trafficking conspiracy, buying and selling numerous kilograms of

cocaine.  Gonzalez also acknowledged the property alleged his Kaufman

County ranch was derived from the proceeds of the drug trafficking

conspiracy and was used by him to facilitate the drug conspiracy.

p.      Gonzalez voluntarily forfeited his Kaufman County ranch to the

government.  A Final Order of Forfeiture concerning the ranch was

entered on August 16, 2004.

q.      Gonzalez's appeal of his conviction in  Cause No. 3:03-CR-329-G was

**Findings of Fact and Conclusions of Law - Page 5**

dismissed by the Court of Appeals for the Fifth Circuit on August 15, 2005.

r.      Gonzalez did not contest forfeiture of the approximately $230,000 in cash found on his ranch on October 15, 2003.

3.      Accordingly, the Court finds Gonzalez purchased the Defendant property with proceeds from drug trafficking.  Of all the evidence and testimony offered in the trial concerning the origin of the Defendant property, the Court finds most compelling the voluntary statements Gonzalez made subsequent to his lawful arrest.

## II. CONCLUSIONS OF LAW

4.      This is a civil forfeiture action for the forfeiture of the Defendant property brought pursuant to 18 U.S.C. § 983(a)(3)(A).  The Court has jurisdiction of this cause pursuant to 28 U.S.C. §§ l345 and l355(a).  Venue is proper under 28 U.S.C. § 1355(b)(1) and 28 U.S.C. § 1395(b).

5.      In a civil forfeiture suit, the Government  bears the initial burden of establishing probable cause that the property is subject to forfeiture.  See 21 U.S.C. § 1615.  Under §881(a)(6).  The Government must establish probable cause for the specific belief that there is a "substantial connection" between the defendant property and illegal drug dealing under Title 21 of the United States Code.  21 U.S.C. § 1615 (providing that "all proceeds traceable to an exchange [for controlled substances]" are "subject to forfeiture."); see also *United States v. $64,000.00 in U.S. Currency*, 722 F.2d 239, 244 (5th Cir. 1984).

**Findings of Fact and Conclusions of Law - Page 6**

6.      After the plaintiff in a forfeiture proceeding establishes probable cause, the burden

        of proof shifts to the claimant to show by a preponderance of the evidence that the

        money used to purchase the properties in question came from an independent, non-

        drug-related source. *United States v. One 1986 Nissan Maxima GL*, 895 F.2d 1063,

        1065 (5th Cir. 1990).

7.      Based on its findings of fact, the Court concludes the government has established

        by a preponderance of the evidence that the Defendant property is property subject

        to forfeiture under 21 U.S.C. § 881(a)(6).

8.      Gonzalez has established no defense to the forfeiture of his property.

III. CONCLUSION

For the reasons stated above, the Court concludes that Defendant property at issue in this

case is property subject to forfeiture under 21 U.S.C. § 881(a)(6).


        It is so **ORDERED.**
        **SIGNED: September 14, 2005**

        _____
        **JUDGE JERRY BUCHMEYER**
        **SENIOR U.S. DISTRICT JUDGE**
        **NORTHERN DISTRICT OF TEXAS**